UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE MUHAMMAD,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:13-cv-2580 TLN KJN P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, filed a motion for writ of error coram vobis.[1] (ECF No. 3.) Petitioner also filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

Petitioner claims that his petition for writ of coram vobis was presented to all levels of state courts (superior, appellate, supreme), and therefore he seeks federal review pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 3 at 2.) Petitioner asks the court to grant

---

[1] Traditionally, a Writ of Coram Vobis is issued by an appellate court to a trial court to review the trial court's judgment based on an error of fact, also termed writ of error coram nobis. See Black's Law Dictionary 338 (7th ed. 1999).

1

1  the requested writ of coram vobis, find petitioner actually innocent, and immediately release

2  petitioner from the illegal restraint he has been suffering since May 2, 2011.  (ECF No. 3 at 2.)

3  However, this court lacks jurisdiction to consider such a motion.  A writ of error coram

4  vobis attacking a state court conviction may only be brought in the sentencing court.  See United

5  States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (citing Madigan v. Wells, 224 F.2d 577,

6  578 n.2 (9th Cir. 1955) ("[T]he writ can issue, if at all, only in aid of the jurisdiction of the . . .

7  court in which the conviction was had.") (citation omitted)), cert. denied, 537 U.S. 1178 (2003);

8  Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of

9  error coram nobis is not available in federal court to attack state criminal judgments.  A writ of

10  error coram nobis can only issue to aid the jurisdiction of the court in which the conviction was

11  had.") (citations and internal citations omitted); see also United States v. Morgan, 346 U.S. 502,

12  505 n.4 (1954) (coram nobis petition "is a step in the criminal case and not, like habeas corpus

13  where relief is sought in the separate case and record, the beginning of a separate civil

14  proceeding").  As the petitioner's filing challenges a California state court conviction and

15  sentence, coram nobis relief is unavailable in this federal court.[2]

16  Moreover, jurisdiction is also unavailable to review the state court conviction under Rule

17  60(b).  "[N]either Rule 60(b) per se nor, for that matter, any other of the Federal Rules of Civil

---

[2] The court's records reveal that petitioner's application for a writ of habeas corpus attacking his 2011 conviction and sentence is pending.  Muhammad v. Diaz, Case No. 2:13-cv-0153 JKS P (E.D. Cal.).  It is not clear from the exhibits submitted with the instant motion (ECF No. 1) that petitioner is attempting to raise new constitutional challenges to his 2011 conviction.  It appears that most of the claims raised in the petitions for writs of coram vobis filed in state court included the constitutional challenges raised in Case No. 2:13-cv-0153 JKS P.  Indeed, respondent's answer notes the filing of the petitions for writ of error coram vobis, and their denials by the California Court of Appeal on August 20, 2012, and September 27, 2012.  (Id., ECF No. 24 at 7.)  However, petitioner is cautioned that if he wishes to bring additional constitutional challenges to his 2011 conviction, he must raise those claims in his pending habeas action by filing a motion to amend in Case No. 2:13-cv-0153 JKS P.  Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).  Moreover, it appears the petition in Case No. 2:13-cv-0153 JKS P is fully briefed, so petitioner should act promptly if he wishes to seek habeas review of new claims not previously raised in the pending action.  Once a decision on the merits of the federal habeas petition in Case No. 2:13-cv-0153 JKS P is issued, petitioner will be required to move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider any subsequently-filed application.  28 U.S.C. § 2244(b)(3).

Procedure was ever designed to apply to proceedings in other than the United States District Courts." Washington–Baltimore Newspaper Guild, Local 35 v. Washington Post Co., 442 F.2d 1234, 1239 (D.C. Cir. 1971) (citing Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature. . .")).  "While Rule 60(b) can be used to relieve a party from a final judgment, order, or proceeding issued by a United States District Court, it cannot be used to relieve Petitioner of an order, judgment or proceeding issued by a state court. . . ." Smalling v. State of Arizona, 2009 WL 2177318 *2 (D. Ariz. July 21, 2009).

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 2.) is granted; and

IT IS RECOMMENDED that:

1. The motion for writ of coram vobis (ECF No. 3) be dismissed for lack of jurisdiction;

2. The motion to set aside state court orders pursuant to Rule 60(b) of the Federal Rules of Civil Procedure be dismissed for lack of jurisdiction; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 14, 2014

/muha2580.156

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE